**Barr v. Harakal**

*Henry E. Sewinsky,* for defendant.

STRANAHAN, P. J., May 18, 1972.—This matter originated before Justice of the Peace Donald A. Madden who commenced this action in assumpsit on November 16, 1971, by causing a writ of summons in assumpsit to be issued against defendant. Defendant did not appear and on the twenty-first day judgment was entered against him for damages to an automobile in the sum of $135.15.

While the record is not clear as to the exact factual situation, it appears that plaintiff is the bailor of an automobile and defendant was the bailee. While the automobile was in possession of defendant, it was damaged when struck by another automobile.

The procedure followed by the justice of the peace is that procedure which was in effect prior to January 1, 1970, but does not comply with the rules of the Supreme Court of Pennsylvania governing civil procedure for justices of the peace which became effective January 1, 1970. Rule 303 of the rules effective January 1, 1970, provides that "an action shall be commenced by the filing of a complaint."

Rule 304 sets forth the form of complaint. The procedure employed by the justice of the peace does not comply with the requirements of rule 304 in many particulars.

We regret that this matter has happened the way it has because plaintiff has been affected by the drastic change that was made in the entire justice of the peace system on January 1, 1970, and what appears to have been a successful litigation to her actually is a nullity.

We have no choice in examining the record but to grant the exceptions taken by appellant and to con-

clude that the action was so irregular that it cannot stand. We, therefore, must enter an order dismissing plaintiff's complaint and the judgment entered by the justice of the peace must be stricken for the reason that it was not entered as a result of a proper suit. We do these things with the express understanding that they in no way jeopardize plaintiff's right to commence a proper suit before a justice of the peace which will comply with the rules of court as they presently exist. We are also inclined to think that, since the justice of the peace should have been aware of the new rules, the costs in this matter, if any, should be borne by him.

## ORDER

And now, May 18, 1972, exceptions taken by defendant-appellant to the record in this case are granted and judgment against defendant-appellant entered by the justice of the peace in this case as a result of his verdict against defendant is stricken without prejudice to plaintiff to commence a new action in this matter. It is further ordered that any costs that may be unpaid in this case shall be borne by the justice of the peace.